STURGIS, Judge.
The defendant below, Mary E. Kelly, appeals from a final decree wherein the chancellor found that defendant and the plaintiff, Vincent Ferretti, engaged in a joint undertaking for the purchase and development of certain real property; that they were obligated to contribute one half each to the purchase price and cost of development and were to own the property in that proportion; that plaintiff has laid out the entire amount of the purchase and improvements, totaling $18,280.36, and defendant contributed nothing; that the defendant was entitled to a reasonable time in which to contribute her share; and that plaintiff was entitled to receive from defendant interest at 6% for a period of four years on that part of the principal sum which under the joint venture was con-tributable by defendant. It was thereupon decreed that the defendant, within thirty days from the date of the decree, pay to plaintiff $9,140.18 principal and $2,193.64 interest — a total of $11,333.82 — and that upon default therein she should, within ten days after the expiration of said thirty-day period, convey to plaintiff all her interest in the subject realty. Our conclusions make it unnecessary to recite other provisions of the decree.
The pertinent assignments of error challenge the decree in the following particulars: (1) that there is no competent evidence supporting the finding that plaintiff is entitled to receive from defendant the principal sum of $9,140.18 as her one-half part of the cost of purchasing and *886 developing the property; (2) that the amount determined to be payable by defendant to plaintiff for interest is based on an incorrect computation; (3) that the decree erroneously undertakes to compel the defendant, upon failure within the time provided to pay the amount due by her to plaintiff, to convey to plaintiff her interest in the subject realty.
It is undisputed that plaintiff and defendant engaged upon a joint venture for the purchase of a parcel of real property and for the construction thereon of a duplex apartment. They agreed to contribute equally to the purchase price and cost of construction. Except for an item of $100, which the plaintiff denies having received, defendant admits that she has paid nothing whatever in the premises. All amounts laid out for the purchase price of the property and the construction of the duplex apartment were paid by the plaintiff. Plaintiff also performed substantial labor as a carpenter, his occupation, in the construction of the building and it is apparent that the chancellor took that item into account in fixing the amount payable by defendant to plaintiff.
Plaintiff sought a decree (1) declaring that defendant had no interest in the property and thereupon to reform the deed, which purported to convey jointly to plaintiff and defendant, by striking her name therefrom, or (2), in the alternative, that the court state an accounting between the parties, that the defendant be required to pay the amount found due to plaintiff within a time to be fixed by the court, that an equitable lien be impressed upon the property to secure payment of the amount so found to be due, and that in default of payment the property be sold in satisfaction of the debt.
We find no merit in the contention that the amount fixed for principal of defendant’s obligation to plaintiff is incorrect. In respect to the item allowed for interest, however, it appears to have been arbitrarily calculated on a four-year basis, approximately commencing with the purchase of the land and ending with the date of the decree, whereas it appears that the improvements were not completed until the lapse of some months after the land was purchased. This being so, interest at the legal rate is payable by defendant, on her one-half part of the amount laid out by plaintiff incident to the purchase of the land, for the period from the date of the purchase to the date of the final decree. Interest at the legal rate on defendant’s one-half part of the cost of the improvements is payable from the date those improvements were finally completed until the date of the final decree. Interest at the legal rate accrues, of course, on the total amount payable under the final decree from the date thereof until paid.
The first prayer of the complaint was denied and the alternative prayer was granted only to the extent that the court stated an accounting between the parties, found an amount to be due by the defendant to the plaintiff, and ordered the defendant to pay the same to plaintiff within a fixed time. The effect of the decree is to impose an equitable lien on defendant’s interest in the subject real property to secure payment of the amount due by defendant to plaintiff. We are cited to no precedent, however, and our independent research reveals none, supporting the method provided by the decree for enforcing the lien. We refer to the provision whereby upon default in payment the defendant is required to convey to plaintiff her one-half interest in the property. Such provision ignores the traditional procedure by which the property covered by such lien is upon default in payment subjected to sale for the purpose of satisfying the lien and thus protecting the lienor’s equity of redemption.
Having determined that there was ample evidence to support the chancellor’s finding as to the amount due by defendant to plaintiff for principal, to that extent the final decree is affirmed. So also are the other findings of fact with the exception of the *887 interest item. The other provisions of the decree are not in accord with substantive law and it is vacated to that extent.
This cause is remanded with directions to conduct such proceedings as may he necessary to state an accounting of the proper amount payable for interest by defendant to plaintiff, and thereupon to enter a supplemental final decree in accordance with the views herein expressed.
Affirmed in part, reversed in part.
WIGGINTON, C. J., and CARROLL, DONOLD K., J., concur.